UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,                        :
                                                 :          DECISION AND ORDER
                                                 :          12-CR-186 (WFK)
            -against-                            :
                                                 :
                                                 :
GARY FAMA,                                       :
                                                 :
            Defendant.                           :
                                                 :
----------------------------------------------------------X

**KUNTZ, United States District Judge**

By superseding indictment filed June 26, 2012, Defendant Gary Fama ("Fama") is charged with Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and using and carrying a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Fama moves *in limine* for this Court to preclude (1) the testimony of an identification witness, and (2) statements Fama allegedly made to law enforcement officials while purportedly in custody. For the reasons below, Fama's motion is granted in part and denied in part.

## BACKGROUND

The Court assumes the parties' familiarity with the relevant facts pertaining to the photographic array, which the Court discussed in its previous Decision and Order dated July 5, 2012. Docket #16, at 1–2. The following facts, which were not discussed in the previous Decision and Order, pertain to Fama's interrogation after the bank robbery.

On January 2, 2012, F.B.I. agents interviewed Fama's mother at her home, where she told them she had a son named Gary. Shortly after, Fama arrived at his mother's home to speak with the agents. The parties dispute exactly what transpired once Fama arrived. For the purposes of

this Motion *in Limine*, however, the Court will look to the version of facts given in Fama's affidavit regarding the interrogation to determine whether an evidentiary hearing is necessary. Upon his arrival, Fama asked whether he was under arrest, to which the agents responded "let's talk—get in the van." The agents escorted Fama into a nearby government vehicle, closed the doors, and did not permit him to leave. Over the course of the approximately ten-minute interrogation, the tone became increasingly hostile, with the agents using raised voices to berate Fama. Fama does not allege that he was handcuffed, searched, or frisked at any time during the encounter.

## ANALYSIS

### I. Witness Identification Testimony

Fama asks the Court to preclude the Government from eliciting the testimony of an identification witness because the out-of-court identification process was impermissibly suggestive. Def.'s Mot. *in Limine*, Docket #36, at 4–6. The Government argues that the Court's Decision and Order dated July 5, 2012 already decided this issue and that Fama has not made a sufficient showing to justify suppression. Gov't's Opp'n, Docket #53, at 5–6. The Government is correct.

Admitting identification testimony at trial that is "derived from an impermissibly suggestive photo array may violate a criminal defendant's rights to due process." *Velazquez v. Poole*, 614 F. Supp. 2d 284, 300 (E.D.N.Y. 2007) (Vitaliano, J.) (citing *United States v. Thai*, 29 F.3d 785, 807 (2d Cir. 1994)). Upon a defendant's objection to anticipated identification testimony from a witness who has identified the defendant before trial, the Court must undertake a "sequential inquiry" to determine "whether either the prior identification or an in-court identification of the defendant at trial is admissible." *Raheem v. Kelly*, 257 F.3d 122, 133 (2d

Cir. 2001). The first inquiry focuses on whether the pre-trial identification procedures were unnecessarily and unduly suggestive. *Id.* "If the procedures were not suggestive, the identification evidence presents no due process obstacle to admissibility." *Id.* (citing *Jarrett v. Headley*, 802 F.2d 34, 42 (2d Cir. 1986)).

As the Government correctly states in its Opposition Papers, "[t]he Court has denied the defendant's previous, nearly identical motion concerning the photographic array." Gov't's Opp'n, at 5. The Court was clear in its July 5, 2012 Decision and Order: "This Court holds the photographic array was not unduly suggestive." Thus, "no further inquiry by the court is required, and "[t]he reliability of properly admitted eyewitness identification, like the credibility of the other parts of the prosecution's case, is a matter for the jury." *Raheem*, 257 F.3d at 133 (citing *Foster v. California*, 394 U.S. 440, 442 n.2 (1969)). Fama has not made a showing sufficient for the Court to revisit and overturn its previous decision regarding the suggestiveness of the pre-trial identification. Therefore, because the photographic array was not unduly suggestive, the Court denies Fama's motion to preclude the identification testimony.

## II. Custodial Interrogation

Fama also asks the Court to suppress statements he allegedly made to F.B.I. because he was in custody for *Miranda* purposes but did not receive *Miranda* warnings. Def.'s Mot. *in Limine*, at 6–7. In the alternative, Fama seeks "an evidentiary hearing . . . to determine the admissibility of those statements." *Id.* at 7. The Government contends that Fama was not in custody when the agents questioned him and that he has not made a showing sufficient to warrant a suppression hearing. Gov't's Opp'n, at 6–7. Fama is correct that the Court needs to conduct an evidentiary hearing.

3

"It is well settled that a defendant does not have a right to an evidentiary hearing under all circumstances." *United States v. Wilson*, 493 F. Supp. 2d 364, 380 (E.D.N.Y. 2006) (Garaufis, J.) (citing *United States v. Culotta*, 413 F.2d 1343, 1345 (2d Cir. 1969); *United States v. Viscioso*, 711 F. Supp. 740, 745 (S.D.N.Y. 1989) (Kram, J.)). "[A]n evidentiary hearing on a motion to suppress ordinarily is required if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact'" exist. *United States v. Dupree*, 781 F. Supp. 2d 115, 147 (E.D.N.Y. 2011) (Matsumoto, J.) (citing *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). "The movant must show, through an affidavit by an individual with personal knowledge, that contested issues of fact exist necessitating an evidentiary hearing." *Dupree*, 781 F. Supp. 2d at 147 (citing *United States v. Barrios*, No. 97-1364, 2000 WL 419940, at *1 (2d Cir. Apr. 18, 2000)).

Fama submitted an affidavit to the Court dated November 25, 2012 regarding his encounter with law enforcement officials on January 2, 2012. Aff., Docket #37. Fama states that when he arrived at his mother's house, two armed federal agents were waiting for him. *Id.* at ¶¶ 2, 3. When he asked whether he was under arrest, the agents allegedly told him "let's talk—get in the van." *Id.* at ¶ 3. Fama then states the agents escorted him inside a nearby government vehicle, closed the doors, and did not permit him to leave. *Id.* He claims the agents became increasingly hostile during the questioning and berated him. *Id.* at ¶¶ 4, 5. Fama claims he was never given *Miranda* warnings. *Id.* at ¶ 4. The Government does not contend Fama was given *Miranda* warnings, but rather argues the warnings were unnecessary because he was not in custody. Gov't's Opp'n, at 7. Thus, the Court must determine whether contested issues of fact exist necessitating a hearing on whether or not Fama was in custody at the time of his questioning.

"A suspect is entitled to *Miranda* warnings only if he . . . is interrogated while 'in custody.'" *Tankleff v. Senkowski*, 135 F.3d 235, 242–43 (2d Cir. 1998) (citing *Thompson v. Keohane*, 516 U.S. 99, 100–01 (1995)). Courts must undertake two inquiries to determine whether a person is in custody for *Miranda* purposes: (1) "what were the circumstances surrounding the interrogation;" and (2) "given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." *Thompson*, 516 U.S. at 112. Courts in the Second Circuit have looked at various factors in making the latter determination, such as whether the law enforcement officials tell the suspect he is free to leave, the "location and atmosphere of the interrogation," the "language and tone" used by the officials, whether the officials frisk, search, or pat down the suspect, and the length of the interrogation. *Id.* at 244 (citing *Campaneria v. Reid*, 891 F.2d 1014, 1021 n.1 (2d Cir. 1989); *Oregon v. Mathiason*, 429 U.S. 492, 494–95 (1977); *United States v. Guarno*, 819 F.2d 28, 31–32 (2d Cir. 1987); *United States v. Wilson*, 901 F. Supp. 172, 175 (S.D.N.Y. 1995); *Berkemer v. McCarty*, 468 U.S. 420, 442 (1984).

Based on Fama's affidavit, the Court finds that it is plausible Fama was in custody during his questioning and that an evidentiary hearing is required to make a determination. Fama stated he was told to "get in the van" when he asked if he was under arrest. *Aff.*, at ¶ 3. Fama alleges the agents then closed the doors and did not permit him to leave. *Id.* He also alleges the agents' tone "quickly became hostile" and they "began berating" him with raised voices. *Id.* at ¶ 5. Though the interrogation only lasted about ten minutes and the agents did not search or frisk Fama, at this stage, the Court finds it necessary to hold an evidentiary hearing to determine whether Fama was in custody.

## CONCLUSION

Fama has not provided sufficient justification for this Court to revisit and overturn its previous Decision and Order, which held that the photographic array was not unduly suggestive. Therefore, Fama's Motion *in Limine* as to this issue is denied, and the identification witness will not be precluded from testifying at trial. Fama has provided sufficient justification for this Court to hold an evidentiary hearing regarding whether or not he was in custody for *Miranda* purposes during his interrogation. Therefore, Fama's Motion *in Limine* as to this issue is granted, and the Court shall hold an evidentiary hearing on Monday, December 10, 2012 at 9:30 a.m.

## SO ORDERED

Dated: Brooklyn, New York
       December 7, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge